UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROGER W. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) NO. 3:13-CV-65 |
| | ) (VARLAN/SHIRLEY) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Defendant's Motion to Dismiss [Doc. 5]. For the reasons stated herein the undersigned will **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

**I.     BACKGROUND**

On October 7, 2010, an administrative law judge ("ALJ") issued a decision denying the Plaintiff's claim for benefits under Title II of the Social Security Act, and mailed a copy of the decision to the Plaintiff. [Doc. 6-1]. Thereafter, the Plaintiff requested review of the decision. [Doc. 6 at ¶ 3(a)]. On November 29, 2012, the Appeals Council sent the Plaintiff a notice, denying his request for review of the ALJ's decision. [Doc. 6-2]. The notice informed the Plaintiff of the right to commence a civil action within sixty days from the date of the receipt of

1

the notice. [Id. at 18-19]. Additionally, the notice advised the Plaintiff that he could ask the Appeals Council to extend the time to file a civil action if he could not file a complaint within sixty days. [Id. at 19]. The Appeals Council has no record of the Plaintiff making any request for an extension of time to file a civil action. [Doc. 6 at ¶ 3(b)].

On February 6, 2013, the Plaintiff filed a Complaint against the Social Security Administration, alleging that the adverse decision by the Commissioner was not supported by substantial evidence and that an erroneous standard of law had been applied. [Doc. 1].

## II. POSITIONS OF THE PARTIES

The Commissioner argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Commissioner maintains that the Plaintiff has not stated a claim up which relief can be granted because his Complaint was untimely in that it was filed more than sixty days after receipt of the Commissioner's notice denying the Plaintiff's request for review.

The Plaintiff has not responded in opposition to the Commissioner's Motion to Dismiss, and the time for responding has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E).

## III. ANALYSIS

The Court will address each basis for granting the Motion to Dismiss in turn.

### A. Plaintiff's Failure to Respond in Opposition

Initially, the Court finds that the Plaintiff has not objected to the Commissioner's Motion

2

Case 3:13-cv-00065-TAV-CCS   Document 9   Filed 09/30/13   Page 2 of 5   PageID #: 60

to Dismiss, and that the Motion to Dismiss could be granted on this basis alone.

Pursuant to Local Rule 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, Tenn., No. 1:10-CV-278, 2012 WL 369090, at *2, n.5 (E.D. Tenn. Feb 3, 2012) (Collier, J.) (noting that the "[p]laintiff's failure to respond effectively waives any objections that he may have had on this matter.").

In this case, the Commissioner filed her Motion to Dismiss on April 4, 2013. Under the Local Rules and Federal Rules of Civil Procedure, the Plaintiff would normally have twenty-one days to respond to the dispositive motion, with three additional days added for mailing. In this case, just short of six months have passed since the filing of the dispositive motion, and the Plaintiff has failed to respond. The Court can assuredly say that the Plaintiff has been afforded an adequate time to respond to the Commissioner's Motion to Dismiss and has not done so.

Based upon the Plaintiff's failure to respond, the Court finds that the Commissioner's request that the Plaintiff's Complaint be dismissed is well-taken, and the undersigned will recommend that it be granted.

B.     **Failure to State a Claim Upon Which Relief Can Be Granted**

In addition, the Court finds that the Plaintiff has failed to state a claim as to his Social Security appeal because he did not file his appeal within the time allotted by statute.

In pertinent part, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such

>     action shall be brought in the district court of the United States for
>     the judicial district in which the plaintiff resides . . . .

The Commissioner, by regulation, has interpreted "mailing" to mean the date of receipt by the individual of the Appeals Council's notice of denial of request for review. 20 C.F.R. § 422.210(c); see also 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. See 20 C.F. R. §§ 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely if it is filed within sixty-five days of the date on the Appeals Council notice. See also 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

In this case, the Court finds that the Plaintiff did not timely file his Complaint under 28 U.S.C. § 405(g). The notice from the Appeals Counsel is dated November 29, 2012. [Doc. 6–2]. The Commissioner has submitted an Affidavit attesting to the same. [Doc. 6 at ¶ 3(a)]. The Court finds the sixty-day period, including the five additional days, for commencing a civil action expired on February 4, 2013. The Plaintiff did not file his civil action until February 6, 2013. [Doc. 1]. The Court finds that the Plaintiff did not file his Complaint within the time allotted by 42 U.S.C. § 405(g), he has not shown an excusable neglect for not doing so, and therefore, he is unable to "obtain a review of such decision by a civil action," under 42 U.S.C. § 405(g). See Hickman v. Astrue, No. 3:11-CV-222, 2011 WL 4832562, at *1 (E.D. Tenn. Sept. 20, 2011) adopted by 2011 WL 4832573 (E.D. Tenn. Oct. 12, 2011).

Accordingly, the Court finds that, with regard to his Social Security appeal, the Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court will recommend that the Commissioner's Motion to Dismiss be granted on this basis as well.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the District Judge **GRANT** the Defendant's Motion to Dismiss [Doc. 5].

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).